## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                              )
GENEVIEVE and GLENN STILLMAN,  )
              Plaintiffs,      )
                                              )
                                              )
    v.                              )    **CIVIL ACTION**
                                              )    **NO. 12-cv-12033-TSH**
                                              )
TOWN OF NEW BRAINTREE and MARTIN  )
GOULET a/k/a MARTY GOULET individually,  )
and in his capacity as Chair of the Select Board  )
of the Town of New Braintree,  )
              Defendants.      )
_____)

### Order : re Magistrate Judge's Report & Recommendation (Docket No. 19) on Defendants' Motion To Dismiss (Docket No. 12)

**July 22, 2013**

Hillman, D.J.

Having reviewed the Defendants' Limited Objection To Magistrate's [sic] Report & Recommendation (Docket No. 21), the Court accepts and adopts the recommendation that Count One be dismissed as unripe due the Plaintiffs' failure to exhaust state remedies as required. Furthermore, the Court accepts the recommendation that the motion to dismiss Count Two be denied and the matter remanded to State court, but it does so for the reason that after considering the relevant factors[1], it declines to exercise supplemental jurisdiction over Plaintiffs' pendent state law claim for violation of the Massachusetts Civil Rights Act, Mass.Gen.L. ch. 12 §§ 11H and 11I asserted in Count Two.  Accordingly, the matter is remanded to State court.

                                                       /s/ *Timothy S. Hillman*_____
                                                       TIMOTHY S. HILLMAN
                                                       UNITED STATES DISTRICT JUDGE

---

[1] *See Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249 (1st Cir. 1996)(upon termination of foundational federal claim court must determine whether to exercise supplemental jurisdiction over pendent state law claim(s) based on concerns of comity, judicial economy, convenience, fairness, and the like).